**FILED**

OCT 06 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CALDERON-AGUILERA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 11-2901<br>Cr. No. 10-2294<br><br>**ORDER** |

On, December 12, 2012, Petitioner Ramon Calderon-Aguilera ("Mr. Calderon"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Mr. Calderon argues that his counsel was ineffective because his counsel did not object to Probation's calculation of Mr. Calderon's criminal history score and category. For the reasons stated below, Mr. Calderon's Motion is **DENIED.**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984).

Mr. Calderon argues that his counsel was ineffective because he did not object to the computation of his criminal history category. Specifically, Mr. Calderon argues that two points

should not have been added pursuant to USSG § 4A1.1(d) because he was not on parole at the time the offense was committed. However, Mr. Calderon was on parole as stated in the PSR and this would have been a frivolous argument. Mr. Calderon also argues that one point should not have been added pursuant to USSG § 4A1.1(e) because this section was later deleted from the guidelines. At the time of Mr. Calderon's sentencing, § 4A1.1(e) was still incorporated in the guidelines and was correct at the time he was sentence. Failure to raise meritless legal arguments does not constitute ineffective assistance of counsel. Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982). Accordingly.

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

10/6/14
date

GORDON THOMPSON, JR.
United States District Judge

cc: All parties

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CALDERON-AGUILERA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 11-2901<br>Cr. No.  10-2294<br><br>**ORDER** |

On, December 12, 2012, Petitioner Ramon Calderon-Aguilera ("Mr. Calderon"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Mr. Calderon argues that his counsel was ineffective because his counsel did not object to Probation's calculation of Mr. Calderon's criminal history score and category. For the reasons stated below, Mr. Calderon's Motion is **DENIED.**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984).

Mr. Calderon argues that his counsel was ineffective because he did not object to the computation of his criminal history category. Specifically, Mr. Calderon argues that two points

should not have been added pursuant to USSG § 4A1.1(d) because he was not on parole at the time the offense was committed. However, Mr. Calderon was on parole as stated in the PSR and this would have been a frivolous argument. Mr. Calderon also argues that one point should not have been added pursuant to USSG § 4A1.1(e) because this section was later deleted from the guidelines. At the time of Mr. Calderon's sentencing, § 4A1.1(e) was still incorporated in the guidelines and was correct at the time he was sentence. Failure to raise meritless legal arguments does not constitute ineffective assistance of counsel. Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982). Accordingly.

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

10/6/14
date

GORDON THOMPSON, JR.
United States District Judge

cc: All parties